IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

01 MAR 16  PM 3:48

U.S. DISTRICT COURT
N.D. OF ALABAMA

RODNEY HARRIS,                          )
                                        )
            Plaintiff                   )
                                        )
      v.                                )       CASE NO. CV99-BU-2027-M
                                        )
MICHAEL HALEY,  et al.,                 )
                                        )       **ENTERED**
            Defendants                  )
                                                MAR 16 2001


### MEMORANDUM OPINION

Rodney Harris, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at St. Clair Correctional Facility in Springville, Alabama.    Plaintiff names as defendants Alabama Department of Corrections (DOC) Commissioner Michael Haley; Warden Ron Jones; Assistant Warden Archie L. Garrett; Captain Robert Simmons; Correctional Supervisor Joseph H. Headley; and Correctional Officers William Morris, Thomas Sorrow, Elnora Mitchell, Michael Mitchell, Willie Perry, and William McGwier.  Plaintiff seeks a jury trial, money damages, and costs.

Under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any

/2

portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service.  In order to protect a *pro se* prisoner's right of access to the courts; however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

Plaintiff alleges that he was disciplined in retaliation for his exercise of his First Amendment right to seek redress.  He states that on May 26, 1999, defendant Headley wrote a disciplinary report on plaintiff for making a false statement or charge to a DOC employee with the intent to deceive the employee or prejudice another person.  It was charged that on February 24, 1999, plaintiff made a knowingly false or defamatory statement to the Board of Adjustment in connection with a claim.  The charge was served on plaintiff by defendant Sorrow on May 31, 1999.  Plaintiff avers the disciplinary report was written in retaliation for plaintiff's filing of the claim with the Board of Adjustment.  In that claim, plaintiff alleged that defendants Headley, Sorrow, and Michael Mitchell conducted an inadequate investigation of plaintiff's loss of a tennis shoe.

After a hearing conducted by defendant Morris on June 9, 1999, plaintiff was found guilty of the disciplinary infraction and sentenced to disciplinary segregation for a period of 45

days.  Plaintiff told defendant Garrett that Headley charged plaintiff with the disciplinary in retaliation for the Board of Adjustment claim, and Garrett said when the report reached him, he would look into it.  Defendant Simmons, in reviewing the disciplinary action, reduced the time in segregation to 21 days.

Plaintiff was served a copy of the completed disciplinary report on June 9, 1999, by defendant Elnora Mitchell.  Plaintiff alleges that at that time, Mitchell told him she was going to charge plaintiff with a disciplinary and when plaintiff asked for what, Mitchell replied she could charge him with anything and Headley would believe it.  Mitchell charged plaintiff with violating the disciplinary rule against indecent exposure/exhibitionism.  At the hearing before defendant McGwier, plaintiff told McGwier that Elnora Mitchell charged plaintiff with the disciplinary in retaliation for plaintiff's complaints against Headley.  McGwier advised plaintiff he did not believe him and found plaintiff guilty of the disciplinary violation.  Plaintiff sent letters to defendants Haley and Jones, but "nothing [was] done."

The court concludes that this action is due to be dismissed as frivolous pursuant to 28 U.S.C. § 1915A.  Plaintiff alleges that he was charged by Headley with lying or giving false information to a DOC employee in retaliation for statements he made about Officers Headley, Sorrow and Michael Mitchell in his Board of Adjustment claim.  He also alleges he was charged with indecent exposure/exhibitionism by Officer Elnora Mitchell in retaliation for statements he made about Officer Headley.  He avers that Headley caused the other defendants to retaliate against plaintiff and to try to conceal their actions.  Plaintiff claims that defendant Perry "was

3

part of the disciplinary report" that Headley wrote and knew the report went back to February 24, 1999.

It is well settled that "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987). Actions of prison authorities which do not otherwise violate constitutionally secured rights may fall within the ambit of the First Amendment protections if those actions are the product of retaliation against a prisoner for the exercise of a protected right. *Bridges v. Russell*, 757 F.2d 1155 (11th Cir. 1985). It has been recognized, however, "that claims by prisoners that particular administrative decisions have been made for retaliatory purposes are prone to abuse." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). Consequently, "[c]laims alleging retaliation must be factual and mere conclusory allegations of unconstitutional retaliation will not suffice." *Adams v. James*, 797 F. Supp. 940, 947 (M.D.Fla. 1992).

Retaliation is a question of causation, and the test applied in the "free world" context is a "but for" analysis. In the prison context, however, the proper consideration of proof is to assay a mutual combination between the penal institution's legitimate needs and goals and the rights prisoners have retained under the Constitution. *Bell v. Wolfish*, 441 U.S. 520, 546, 99 S. Ct. 1861, 1877, 60 L.Ed.2d 447 (1979); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). A prisoner suing prison officials under § 1983 for retaliation must allege and ultimately offer proof that (1) he was retaliated against for exercising his constitutional rights and (2) the retaliatory action did not advance legitimate goals of the correctional institution or

4

was not narrowly tailored to achieve those goals. *See, for example, Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Claims alleging retaliation must be factual, and merely conclusory allegations of unconstitutional retaliation will not suffice. *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

Plaintiff claims that Officers Headley and Elnora Mitchell initiated the disciplinary actions against him in retaliation for his having made statements against Headley, Sorrow and Michael Mitchell in his Board of Adjustment claim. It is undisputed that plaintiff filed a Board of Adjustment claim on February 24, 1999. Headley then issued a disciplinary to plaintiff for making a false or defamatory statement. Plaintiff asserts that the disciplinary was issued as retaliation for the exercise of his First Amendment rights. He does not allege he was innocent of the charge. He also alleges the disciplinary charge for indecent exposure/exhibitionism was issued as retaliation by Mitchell for his complaint about Headley. Again, he does not aver that the disciplinary was false.

In this case, "the disciplinary [charges] were true as found by the prison administration." *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990).

> While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a grievance [or otherwise exercising his First Amendment rights] and then bring a claim under section 1983 arguing that prison officials disciplined him in retaliation for his filing a grievance [or otherwise exercising his First Amendment rights].

5

*Id*. Plaintiff clearly was not entitled to make a false statement nor to expose himself to a female correctional officer. Because he was found guilty of these infractions, his claim of retaliation by the defendants must fail. The Court finds that the action taken against plaintiff did advance legitimate goals of the correctional institution and was narrowly tailored to achieve those goals.

If plaintiff's complaint can be read to allege a due process violation in connection with the disciplinary proceedings, his claim fails. In *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995), the United States Supreme Court, dealing with a case in which a prisoner in Hawaii sued prison officials under § 1983 alleging that he had been denied due process of law before being confined to disciplinary segregation for 30 days, the court concluded that segregation as a form of punishment was not a "dramatic departure" from the ordinary conditions of incarceration. As such, segregation did not amount to a grievous loss of a "substantive" interest protected by the Due Process Clause. Unlike the loss of good-time credit at issue in *Wolff v. McDonnell*, *supra*, mere disciplinary segregation is the type of punishment an incarcerated individual should expect, and one that ordinarily is not a major change in his living conditions. In concluding that placement in disciplinary segregation does not implicate due process, the Court in *Sandin* held:

> We hold, therefore, that neither the Hawaii prison regulation in question, nor the Due Process Clause itself, afforded Conner a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life.

515 U.S. at 487, 115 S.Ct. at 2302.

6

Further, although plaintiff has named DOC Commissioner Haley, Warden Jones, Assistant Warden Garrett and Captain Simmons as defendants, it is clear he is attempting to impose liability on these defendants solely on the basis of *respondeat superior*. This theory is not available in § 1983 cases. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, (1978). *See also Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). Absent some allegation that these defendants knew of, sanctioned, or participated in or were otherwise "affirmatively linked" to the acts complained of, the complaint is insufficient to state a cause of action under 42 U.S.C. § 1983. *Gilmere v. City of Atlanta, Georgia*, 774 F.2d 1495 (11th Cir. 1985), *cert. denied*, 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986). Haley, Jones, Garrett and Simmons may not be held liable for the alleged act of other DOC employees merely because they serve in a supervisory capacity.

Further, plaintiff has no right against being falsely accused of disciplinary violations. As the Second Circuit Court of Appeals has explained:

> There appears to be a confusion between the existence of a constitutionally protected  right, and the deprivation of that right without procedural safeguards or due process.  The constitutionally protected interest in this case is the right of liberty. The fourteenth amendment does not prohibit every deprivation of liberty.  It does, however, prohibit the deprivation of liberty without due process of law.
>
> [A] prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest [such as being placed in disciplinary segregation]. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law.

7

*Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986) (emphasis added).  Plaintiff complains only that false charges were made against him and he has, therefore, failed to state a claim upon which relief can be granted.  Consequently, this claim is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Accordingly, for the reasons stated above, the court finds and determines that this action is due to be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).  A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DATED this 16th day of March, 2001.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE

8